IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
OLD FAYETTEVILLE DIVISION
No. 3:94-CR-65-2-BO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| NORMAN HARRINGTON WILSON ) | |

This cause comes before the Court following its imposition of sentence on June 22, 2016, at Raleigh, North Carolina. The Court conducted a resentencing hearing following defendant's (Mr. Wilson) successful motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 wherein it imposed a downward variance sentence in this matter of 240 months' imprisonment on count two and sixty months' imprisonment on count six, to be served consecutively. The Court enters the following in support of its variance.

## BACKGROUND

The Court incorporates by reference as if fully set forth herein the procedural background of this matter as discussed in its order granting Mr. Wilson's § 2255 motion. [DE 616]. Following entry of that order, the government moved the Court to reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Prior to a hearing, however, the government withdrew its motion for reconsideration and stated its position that the matter should proceed to resentencing. [DE 634].

## DISCUSSION

As part of its broad and flexible power to grant relief under § 2255, the Court has found that Mr. Wilson must be resentenced. *See United States v. Garcia*, 956 F.2d 41, 45 (4th Cir.

1992); *see also United States v. Hadden*, 475 F.3d 652, 664 (4th Cir. 2007) (noting that district court has the power to vacate a petitioner's original sentence and enter a new criminal sentence on successful § 2255 motion). Pursuant to 18 U.S.C. § 3553(a), a sentencing court has a duty to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in the [sentencing statute]." Once the defendant's Guidelines sentencing range has been established, the sentencing court must decide "whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence within statutory limits that does serve those factors." *United States v. Tucker*, 473 F.3d 556, 560 (4th Cir. 2007) (quotation and citation omitted).[1] After permitting the parties to argue in regard to sentencing, the court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The court must then "make an individualized assessment based on the facts presented, [and if it] decides that an outside-Guidelines sentence is

---

[1]The factors set forth in § 3553(a) are:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed –
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense
    (B) to afford adequate deterrence to criminal conduct
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available
(4) the kinds of sentence and the sentencing range established for –
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
(5) any pertinent policy statement . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct
(7) the need to provide restitution to any victims of the offense.

warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* at 50. The "method of deviation from the Guidelines range – whether by departure or by varying – is irrelevant so long as at least one rationale is justified and reasonable." *United States v. Diosdado-Star*, 630 F.3d 359, 365-66 (4th Cir. 2011).

At the resentencing hearing, the government and Mr. Wilson agreed that Mr. Wilson's conviction on count one for engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848 should be vacated and that his conviction on count two for conspiracy with intent to distribute cocaine base in violation of 21 U.S.C. § 846 should be reinstated. The government and Mr. Wilson further agreed with the United States Probation Office that the appropriate Total Offense Level is 42, with a Criminal History Category of II, resulting in an advisory Sentencing Guidelines range of 360 months to life imprisonment on count two in addition to not less than sixty months' imprisonment on count six. The Court adopts the findings of the revised presentence report and the Guidelines range as presented therein.

Having considered the presentence report, the arguments of counsel, and the factors enumerated in § 3553(a), the Court finds that a sentence within Mr. Wilson's Guidelines range does not serve goals of sentencing. First, the Court finds that a twenty-five year sentence of imprisonment is adequate in this case to reflect both the seriousness of the offense and to provide just punishment. The Court is also mindful of the sentences received by Mr. Wilson's co-defendants, and finds that an aggregate 300 month sentence would avoid unwarranted disparity as between these defendants who were also found guilty of engaging in a major drug conspiracy. Weighing heavily on the Court's consideration are the statements of this defendant, who, having

served approximately twenty-one years in the custody of the Bureau of Prisons, presented to the Court as a person who has sincerely reflected on his conduct and his character and who at this time does not require a lengthy term of imprisonment in order to afford deterrence from criminal conduct or to protect the public.

The Court further incorporates by reference its statement of reasons made from the bench at the resentencing hearing, the arguments made by defense counsel, and the statements of Mr. Wilson. It is for all of these reasons that the Court has concluded that an aggregate sentence of 300 months' imprisonment is a sentence that is sufficient but not greater than necessary to accomplish the goals of sentencing. All other terms and conditions of Mr. Wilson's sentence shall remain as pronounced at the resentencing hearing, including vacatur of count one and reinstatement of count two, and reflected in the judgment.

SO ORDERED, this __ day of June, 2016.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE